Randy LEONG, Plaintiff,

v.

TACO BELL CORPORATION, a foreign
corporation, and Joseph Ertman,
Defendants.

No. Civ. 97–1462–FR.

United States District Court,
D. Oregon.

Jan. 29, 1998.

Jana Toran, Portland, OR, for plaintiff.

Corbett Gordon, Kathleen H. Fields, Rich-
ard Meneghello, Corbett Gordon & Associ-
ates, P.C., Portland, OR, for defendants.

## OPINION AND ORDER

FRYE, District Judge.

In this action, the plaintiff, Randy Leong, is suing his former employer, defendant Taco Bell Corporation (Taco Bell), for wrongful discharge and his former supervisor, defendant Joseph Ertman, for intentional interference with economic relations. Before the court is the motion of the plaintiff to remand (# 6–1) and for attorney fees (# 6–2) and the motion of the defendants for reconsideration (# 8).

### BACKGROUND

The plaintiff, Randy Leong, filed this action in the Circuit Court of the State of Oregon for the County of Multnomah. In his complaint, plaintiff Leong alleges a claim for wrongful discharge against defendant Taco Bell and a claim for the intentional interference with economic relations against defendant Ertman.

The defendants removed the action to this court on December 23, 1996 on the ground that the joinder of defendant Ertman was fraudulent. Thereafter, this court determined that there was a factual question as to whether defendant Ertman was acting solely within the scope of his employment and, thus, whether defendant Ertman could be held liable as a third party to the economic relationship between plaintiff Leong and his employer, defendant Taco Bell. The court determined that because plaintiff Leong had stated a claim against defendant Ertman, defendant Ertman was not fraudulently joined, and complete diversity did not exist. Accordingly, on May 8, 1997, this court remanded the case to the Circuit Court of the State of Oregon for the County of Multnomah.

On October 8, 1997, the Honorable Frank Bearden, Multnomah County Circuit Court Judge, dismissed the claim against defendant Ertman after concluding that plaintiff Leong could not plead sufficient facts to support his claim that defendant Ertman was a third party to the economic relationship between plaintiff Leong and defendant Taco Bell.

On October 14, 1997, defendant Taco Bell filed a second notice of removal.

Plaintiff Leong then filed this motion to remand and request for attorney fees.

## CONTENTIONS OF THE PARTIES

Plaintiff Leong contends that a case cannot be removed, even following a judgment dismissing a defendant, if the plaintiff has not dismissed or discontinued the case against that defendant. Defendant Taco Bell contends that fraudulent joinder is an exception to this rule.

## ANALYSIS AND RULING

Defendant Taco Bell asks the court to reconsider its order of remand filed on May 8, 1997. In *Seedman v. United States Dist. Court*, 837 F.2d 413 (9th Cir.1988), the court explained that:

> 28 U.S.C. § 1447(c) requires a district court to remand a case to state court when it determines the case was improvidently removed. Remand orders based on section 1447(c) are unreviewable on "appeal or otherwise." 28 U.S.C. § 1447(d).
>
> This language has been universally construed to preclude not only appellate review but also reconsideration by the district court. Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case.

*Id.* at 414.[1] The court declines to reconsider the first order of remand.

The "voluntary-involuntary" rule states that in the absence of fraudulent joinder, an action cannot be removed unless a voluntary act of the plaintiff causes a change that makes the case removable. *Self v. General Motors Corp.*, 588 F.2d 655, 659 (9th Cir.1978).

Defendant Taco Bell contends that plaintiff Leong voluntarily amended his complaint, which is the type of action which makes this case removable. In his amended complaint, plaintiff Leong again alleges a

---

**1.** 28 U.S.C. § 1447 has since been amended. However, the amendments are not relevant to the substantive issues raised in this case.

claim against defendant Ertman. Only specific allegations are changed. This is not the type of voluntary action which makes the case removable.

 Defendant Taco Bell next contends that Judge Bearden's dismissal of defendant Ertman for failure to state a claim means that defendant Ertman was fraudulently joined. To the contrary, Judge Bearden considered the statements that plaintiff Leong made in his deposition and concluded that plaintiff Leong was unable to plead as fact that defendant Ertman was not motivated in any way to serve his employer. Accordingly, Judge Bearden ruled that defendant Ertman was acting, at least in part, within the scope of his employment; that he was not a third party to the economic relationship between plaintiff Leong and defendant Taco Bell; and that he could not be held liable for interfering with that relationship.

This court decided that in light of the comments referring to plaintiff Leong's Chinese heritage, a jury could find that the comments related to the restaurant management skills of plaintiff Leong were motivated solely by racial discrimination.

Judge Bearden's ruling does not compel this court to conclude that there was *no possibility* that the state court would rule otherwise, and defendant Ertman would remain a party in the case. This court continues to hold that plaintiff Leong did not fraudulently join defendant Ertman in an attempt to defeat diversity jurisdiction. Consequently, this court lacks subject matter jurisdiction over this action, and it must be remanded.

 Plaintiff Leong asks for an award of attorney fees and the costs incurred in his motion to remand. Since this court determined that removal of this case was improper, it may award attorney fees to plaintiff Leong to reimburse him for the unnecessary costs associated with the motion to remand. 28 U.S.C. § 1447(c); *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 446–47 (9th Cir.1992). A finding of bad faith by the removing party is not necessary. *Id.* The court is given wide discretion in deciding whether to award fees. *Id.* at 447. Because this is the second time that this court has remanded the action, the court would consider awarding to plaintiff Leong the attorney fees and costs incurred in this motion to remand. Plaintiff Leong, however, has not provided the court with the expenses incurred. The court declines to award attorney fees.

Under 28 U.S.C. § 1447(c), the case must be remanded to the Circuit Court of the State of Oregon for the County of Multnomah.

### ORDER OF THE COURT

The motion of the plaintiff, Randy Leong, to remand (# 6–1) is GRANTED. This case shall be remanded to the Circuit Court of the State of Oregon for the County of Multnomah. The motion of plaintiff Leong for attorney fees (# 6–2) is DENIED. The motion of the defendants for reconsideration (# 8) is GRANTED to the extent that the court has considered the argument submitted and DENIED in that the court declines to change the order of remand.

IT IS SO ORDERED.