**CITY OF KINGSPORT et al., Plaintiffs,**

v.

**SCM CORPORATION et al., Defendants**
**(two cases).**

**JOHNSON–HILLIARD, INC., et al.,**
**Plaintiffs,**

v.

**ST. PAUL FIRE AND MARINE INSUR-**
**ANCE COMPANY et al., Defendants.**

**Civ. A. Nos. 2639, 2647, 2648.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 16, 1972.

See also, D.C., 352 F.Supp. 286, 287, 288.

W. E. Weber, City Atty., H. E. Wilson, and Joe Worley, Kingsport, Tenn., for plaintiffs.

F. Allan Kelly, Kingsport, Tenn., Arthur G. Seymour, Knoxville, Tenn., John Peters, Cleveland, Ohio, M. Lacy West, Kingsport, Tenn., Christopher Christopher, Worcester, Mass., for defendants.

**MEMORANDUM OPINION**
**AND ORDER**

NEESE, District Judge.

Each of these is a removed diversity action. 28 U.S.C. §§ 1332(a)(1), (c), 1441(a). Civil action no. 2648 was properly removed on January 19, 1971. The defendants SCM Corporation and its subsidiaries undertook by civil action no. 2639 to remove on January 5, 1971, and the defendant Special Coatings, Inc. undertook by civil action no. 2647 to remove on January 19, 1971. The plaintiffs in civil actions nos. 2639, 2647, moved on November 29, 1971 for a remand to the state court of original jurisdiction.

The removal by civil action no. 2639 was improvident, Bradley v. Maryland Casualty Company, C.A.8th (1967), 382 F.2d 415, 419 [1]; see also 1A Moore's Federal Practice (2d ed.) 1171–1172, ¶ 0.168 [3.–2], because all the defendants did not join in the removal. Chicago, R. I. & P. R. Co. v. Martin (1900), 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055, 1056.

It is patent that this Court had original jurisdiction of the civil action which was removed by civil actions nos. 2639, 2647, and that the jurisdictional amount was present. 28 U.S.C. § 1332(a)(1). " * * * It has been held to be a simple and effective means of adequately satisfying the requirements of joinder of defendants [for the purposes of removal to a federal court] that one defendant file his petition for removal and the remaining defendants file their consents to join in such petition; and the petition is not defective because all defendants did not actually join in it and its verification. * * * " 76 C.J.S. Removal of Causes § 204, p. 1063.

This Court is of the opinion, that under the peculiar circumstances presented by civil actions nos. 2639, 2647, the verified petition for removal in civil action no. 2647 may here be treated as a consent of the defendant Special Coatings, Inc. to join in the petition for removal of the defendants SCM Corporation and

its subsidiaries in civil action no. 2639, so that neither petition is defective. "* * * Removal proceedings are in the nature of process to bring the parties before the federal court; and mere modal or procedural defects are not jurisdictional. * * *" 1A Moore's Federal Practice, supra at 1245, ¶ 0.168 [3.–5]. Accordingly, the plaintiffs' respective motions for a remand hereby are

Denied.

In the light of this disposition, all the claims, etc. in civil action no. 2647 will be treated as if asserted, stipulated or ordered in civil action 'no. 2639, and civil action no. 2647 hereby is dismissed as redundant.