**C. G. LASSITER, Adm. of the Estate of Edith Lassiter, Deceased, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Defendant.**

**No. B–73–C–44.**

United States District Court,
E. D. Arkansas, N. D.

March 5, 1974.

---

Wayne Boyce, Pickens, Boyce, McLarty & Watson, Newport, Ark., for plaintiff.

David A. Hodges, Hodges, Hodges & Hodges, Newport, Ark., for defendant.

*Memorandum and Order of Remand*

HENLEY, Chief Judge.

This cause is now before the Court on the motion of the plaintiff, C. G. Lassiter, Administrator of the Estate of Edith Lassiter, Deceased, to remand the case to the Circuit Court of Jackson County, Arkansas, where it was commenced in April 1972 by Mrs. Lassiter personally. On December 7, 1973, Mr. Lassiter was substituted as party plaintiff following the suicide of his wife, and on December 28, 1973, the case was removed here.

The position of the plaintiff is that there is an absence of diversity of citizenship between the parties, and that in any event the removal was untimely. Defendant contends that diversity of citizenship in fact exists, and would justify the long delay in the removal on the theory that when the cause was revived in the name of the personal representative of the original plaintiff, the cause of action was substantially altered.

The suit arises out of the fact that in 1970 Mrs. Lassiter was injured in a collision between her automobile and a truck belonging to the City of Newport, Arkansas, and being operated by a City employee, William B. Bigham.

As an Arkansas municipal corporation, the City of Newport was immune from suit in tort under the provisions of Ark.Stats., Ann., Cum.Supp., section 12–2901. The complaint alleges, however, that at the time of the accident there was in force a liability insurance policy issued by the defendant, State Farm Mutual Automobile Insurance Co., and covering the City and its employees. And plaintiff filed her suit against the Company, in lieu of the City, under the provisions of Ark.Stats., Ann., section 66–3240, which permits direct actions

against liability insurance companies in instances where the insureds are not legally subject to tort liability under Arkansas law.

There is no question that at all relevant times defendant has been a foreign corporation with its principal place of business in a State other than Arkansas. Hence, it normally would be considered that for jurisdictional purposes diversity of citizenship exists between citizens of Arkansas on the one hand and the defendant on the other hand.

Plaintiff contends, however, that in a suit brought against a liability insurance company under the Arkansas statute just mentioned the citizenship of the defendant must be determined by reference to the proviso of 28 U.S.C.A., section 1332(c), which was adopted by Congress in 1964. Act of August 14, 1964, P.L. 88–439, 78 Stat. 445. Section 1332(c), including the proviso, now reads as follows:

> "(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: *Provided further,* That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business."

■■ For jurisdictional purposes a municipal corporation is deemed to be a citizen of the State wherein it is located, and it is evident that if the 1964 statute is applicable to this case, there has never been any diversity of citizenship between the parties.[1]

It is inferable that counsel for defendant initially shared the view of counsel for plaintiff that the 1964 statute applied to this case and for that reason made no effort to remove it within the basic thirty day period prescribed by 28 U.S.C.A., section 1446(b). Counsel for the defendant has now changed his position and contends that the statute in question is not applicable to a suit brought under Ark.Stats., section 66–3240, and that it would be unconstitutional to apply it to such an action.

Defendant also contends that when the suit was revived, the revivor amounted to the assertion of a new or different cause of action, and that the case became removable under the second paragraph of section 1446(b) which is as follows:

> "If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

The contention that the revivor introduced a new cause of action which made the case removable seems to be based on the anticipation of counsel that the present plaintiff is going to contend at

[1]. There is no suggestion that Mrs. Lassiter was not a citizen of Arkansas when she filed her suit, or that Mr. Lassiter was not a citizen of Arkansas when he revived her suit or when the case was removed. One argument advanced in defendant's brief is that the City of Newport was not the "insured" identified in the policy, and that the insured was actually the employee Bigham, who has been stationed in Oklahoma as a member of the Air Force since December 7, 1973. If coun-

sel for the defendant is factually correct in those contentions, it may mean that at this time at least the plaintiff has no cause of action against the defendant. That is not material as far as the jurisdiction of the Court to entertain the suit is concerned. Rightly or wrongly Mrs. Lassiter took and her husband maintains the position that the City was the defendant's insured, and the suit has been brought on that theory.

some stage that the death of his wife, as well as her initial injuries, was proximately caused by the alleged negligence of Bigham while acting within the scope of his employment by the City of Newport.

■ The burden is on the defendant, of course, to establish that there is diversity of citizenship between the parties and that the removal was timely.

Federal courts in Arkansas have held that section 1332(c), as amended in 1964, is not applicable to a suit brought by an Arkansas insured against his own insurance company to recover on the basis of the uninsured motorist endorsement in his policy, the view being taken that section 1332(c) is limited in application to a direct action brought by an injured person against the liability insurance carrier of a third party tort feasor. Bishop v. Allstate Insurance Co., 1970, 313 F.Supp. 875; Inman v. MFA Mutual Insurance Co., E.D., Ark., 1967, 264 F.Supp. 727. However, those courts have not been confronted heretofore with the question of whether section 1332(c) applies to the limited type of direct action permitted by Ark.Stats., Ann., section 66–3240.

The legislative history of the 1964 amendment to section 1332(c) cited by counsel for the defendant and discussed in White v. United States Fidelity & Guaranty Co., 1 Cir., 1966, 356 F.2d 746, makes it clear that when the statute was passed in 1964, Congress had specifically in mind direct actions brought against insurance companies under the more general statutes of Louisiana and Wisconsin authorizing such suits in any personal injury case in which the tort feasor was covered by liability insurance. And the primary purpose of section 1332(c) would seem to have been to remedy the overcrowding of the dockets of the federal courts in Louisiana and Wisconsin caused by the fact that citizens of those States injured by the negligence of their fellow citizens covered by liability insurance policies issued by foreign insurers could litigate or be compelled by removal to litigate in the federal courts claims that ordinarily would have been litigated in the local State courts.

The Arkansas direct action statute is more limited in scope than those of Louisiana and Wisconsin, and permits direct actions against insurers only in the limited types of cases in which the insureds are immune from tort liability themselves. While the Court does not consider the constitutional claim of defendant to be substantial, the question of whether section 1332(c) as now written should be applied to a suit brought under Ark. Stats., section 66–3240 may not be without interest in view of the legislative history of the federal statute that has been mentioned.

However, the Court finds it unnecessary to decide that question in this case because the Court is satisfied that the removal was untimely.

■ The portion of section 1446(b) upon which defendant relies to support removal nearly two years after the suit was filed is limited to cases which were not removable when they were filed in the State courts. If a case is removable from the outset, it must be removed within the initial thirty day period specified by section 1446(b); subsequent events do not make it "more removable" or "again removable."

■ Assuming that the defendant is correct in its contention that the 1964 proviso of section 1332(c) does not apply to a case of this kind, and that there is diversity of citizenship between the parties, the same diversity of citizenship existed in 1972 when the suit was filed, and the suit was removable then. It did not first become removable when the present plaintiff came into the picture, even if it be assumed that he has asserted a new or different cause of action against the defendant.

In point of fact, plaintiff has not yet asserted and may never assert a claim against the defendant based on the death of his wife in addition to the

claim based on her injuries. Regardless of what plaintiff may do in the future, at the moment he is simply continuing the prosecution of the case which his wife commenced during her lifetime.

The situation presented by the present record is not comparable to that which existed in Grady v. Irvine, 4 Cir., 1958, 254 F.2d 224. In that case a citizen of Maryland sued a citizen of Virginia for personal injuries in a federal court in Virginia. While the suit was pending, plaintiff died, and a Virginia citizen was appointed administrator of the estate of the deceased. The administrator amended the complaint so as to state a claim against the defendant under the Virginia death statute. The District Court on its own motion held that the change in the citizenship of the parties, plus the change in the nature of the cause of action, divested the federal court of jurisdiction and dismissed the case. There was an appeal, and the judgment of the District Court was affirmed.

If this case was in fact nonremovable during the lifetime of Mrs. Lassiter, and if after her death the appointment of an administrator of her estate had created a diversity of citizenship that did not exist theretofore, and if the administrator had amended the complaint so as to state a claim under the Arkansas wrongful death statute, then we might have had in removal context the obverse of the situation presented in Grady v. Irvine, supra. That is to say, we might have had an originally nonremovable case become removable due to a change of parties plus a change in the cause of action. Here, however, under defendant's own theory of the case, based on the alleged inapplicability of 28 U.S.C. A., section 1332(c) as amended, there has been no change in the citizenship of the parties, and, as stated, there has as yet been no change in the cause of action asserted against the defendant.

In view of what has been said, it is ordered that plaintiff's motion to remand be, and the same hereby is, Granted, and that this cause be, and it hereby is, Remanded to the Circuit Court of Jackson County, Arkansas, for further proceedings according to law.