Antone ALBONETTI, Plaintiff,

v.

GAF CORPORATION—CHEMICAL GROUP and International Union of Operating Engineers, AFL–CIO, Local No. 347, Defendants.

Civ. A. No. G–81–87.

United States District Court, S. D. Texas, Galveston Division.

Aug. 13, 1981.

Adrian L. Young, Galveston, Tex., for plaintiff.

William N. Wheat, William H. Wheat & Assoc., Houston, Tex., for defendant International Union of Operating Engineers, AFL–CIO, Local No. 347.

Kent W. Robinson, Andrews, Kurth, Campbell & Jones, Houston, Tex., for defendant, GAF Corporation—Chemical Group.

## MEMORANDUM AND ORDER

HUGH GIBSON, District Judge.

Plaintiff instituted this action on March 11, 1981, in the 122nd Judicial District Court of Galveston County, alleging breach of an employment contract. Defendant International Union of Operating Engineers, AFL–CIO, Local No. 347 (Union), received service of process on March 13, 1981. Defendant GAF Corporation—Chemical Group (GAF), a foreign corporation with registered agent in Dallas, was served through its agent on April 1, 1981.

On April 1, defendant Union removed the action to this Court, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1441, based on Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Defendant GAF was not a party to the removal petition, although it had apparently been advised by counsel for Union of its co-defendants' intent to remove the action. GAF's local counsel, however, apparently unaware of the Union's action, filed an answer in state court on April 14, 1981. Evidently, GAF's local counsel first learned that the Union had removed the action to this Court on or about April 20. Subsequently, on May 5, 1981, more than 30 days

after receipt of service, GAF filed a joinder in the petition to remove.[1]

Now moving for remand, plaintiff argues that the action was removed improvidently due to the failure of both defendants to join in a timely removal petition. Defendants concede that GAF's joinder in the removal petition was not filed within 30 days after its receipt of service, but argue that the case falls within an exception to the general requirement that all defendants must join in the petition. The Court holds that the action was improvidently removed and should be remanded to the 122nd Judicial District Court.

A federal district court may remand a case that has been improvidently removed if one of the statutory requirements for removal has not been satisfied. *In re Merrimack Mutual Fire Ins. Co.,* 587 F.2d 642 (5th Cir. 1978); *Robertson v. Ball,* 534 F.2d 63 (5th Cir. 1976); *Intercoastal Refining Co., Inc. v. Jalil,* 487 F.Supp. 606 (S.D.Tex. 1980). Under the removal procedures set forth in 28 U.S.C. § 1446, a petition for removal must be filed within 30 days after receipt of service, and all defendants required to join in the petition must do so within 30 days after receipt of service. *Intercoastal Refining Co., supra,* at 607. *See, e. g., Tri-Cities Newspaper, Inc. v. Tri-Cities Printing Pressmen and Assistants Local 349,* 427 F.2d 325 (5th Cir. 1970).

Of course, the failure of a defendant to join in a removal petition or consent to such action within the 30-day time limitation is a nonjurisdictional defect. *Robertson v. Ball, supra,* at 65 n.2; *Intercoastal Refining Co., supra,* at 608. Yet is well settled that the statutory time limitation is mandatory and must be strictly complied

with; the time period cannot be extended by stipulation of the parties or by order of the court. *E. g. Typh, Inc. v. Typhoon Fence of Pennsylvania, Inc.,* 461 F.Supp. 994, 996 (E.D.Pa.1978); *Perrin v. Walker,* 385 F.Supp. 945, 948 (E.D.Ill.1974). *See London v. United States Fire Ins. Co.,* 531 F.2d 257 (5th Cir. 1976); *Weeks v. Fidelity & Casualty Co.,* 218 F.2d 503 (5th Cir. 1955).

To this general rule requiring joinder there are two exceptions. Nominal or formal parties, being neither necessary nor indispensable, are not required to join in a removal petition. *Tri-Cities, supra,* at 327. A second exception, originating in diversity cases, has been recognized with respect to defendants who are not served with process prior to the petition for removal. *Pullman Co. v. Jenkins,* 305 U.S. 534, 540–41, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939). *See generally* 1A J. Moore Federal Practice ¶ 0.168 (1979); 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3723 (1976).[2]

The burden is on the petitioning defendants, of course, to establish their right of removal in this action. *E. g., Lassiter v. State Farm Mutual Auto Ins. Co.,* 371 F.Supp. 1221, 1224 (D.Ark.1974). This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute. *Id.* Defendants argue that this case should fall within the non-served defendant exception to the general joinder rule. Defendants have not established, however, that GAF was in fact served with process subsequent to the Union's filing of its removal petition. Rather, they rely upon *Driscoll v. Burlington-Bristol Bridge Co.,* 82 F.Supp. 975 (D.N.J.1949), as precedent for the extension of the non-

---

1. The joinder apparently was prepared for filing on or before April 29, 1981, and might have been timely filed had GAF observed the local rules of this district, which specify that any paper offered for filing shall be tendered to the Clerk of the Court, and not the individual judge. Local Rules of the United States District Court for the Southern District of Texas R. 10(C) (Nov. 1, 1980). As a result of GAF's inadvertence, however, the joinder was not received by the Clerk's office until May 5.

2. The reason for this exception is clear: a defendant not served may never be served, or may be served after the time has expired for a defendant who has been served to apply for removal, and unless the latter can make effective application alone, his right to removal may be lost. *Pullman v. Jenkins, supra,* at 540–41, 59 S.Ct. at 350. *See also Freidrich v. Whittaker Corp.,* 467 F.Supp. 1012 (S.D.Tex.1979).

served defendant exception to the facts of this case.

In *Driscoll*, a defendant who had yet to be served in a state action filed a petition for removal without first obtaining the joinder of other defendants who, unbeknownst to the petitioner, had been served three days prior. Because the official state court records on the filing day did not reflect that service had been effected upon other defendants, the district court in *Driscoll* held that the failure of the petitioning defendant first to secure its co-defendants' joinder would not defeat its removal petition. *Id.* at 985. The remaining defendants subsequently filed consents to the removal petition, but the *Driscoll* court declined to consider the effect of the subsequent joinders. *Id.*

■ Certainly, where, as here, a defendant files a removal petition in good faith and without reason to know that a co-defendant has previously been served, this Court agrees that the removal petition is not fatally defective. This Court cannot agree with the *Driscoll* court's conclusion that previously served defendants are not subject to the general joinder rule, however, because this Court does not premise its decision on the assumption that the general rule requires all served defendants actually to sign the first filed petition for removal. This Court is persuaded that the joinder requirement of section 1446 is satisfied, where one defendant files a singular removal petition, if all defendants served on or before the filing of that petition thereafter timely file either their own removal petitions or their joinders in or consents to the original petition. *Intercoastal Refining Co., supra; Sicinski v. Reliance Funding Corp.,* 461 F.Supp. 649, 652 (S.D.N.Y.1978); *Wallis v. Southern Silo Co.,* 369 F.Supp. 92, 93–94 (D.Miss.1973); *A. E. Staley Mfg. Co. v. Fischback & Moore, Inc.,* 353 F.Supp. 578, 581 (E.D.Pa.1973); *City of Kingsport v. SCM Corp.,* 352 F.Supp. 291, 291–92 (E.D.

Tenn.1972). Section 1446 requires that all defendants so situated officially indicate their unanimity in the removal of an action in a timely fashion. *See generally* 1A J. Moore Federal Practice ¶ 0.168 [3.–2] (1979); 76 C.J.S. *Removal of Causes* § 204 (1952). *See also Bradley v. Maryland Casualty Co.,* 382 F.2d 415, 419 (8th Cir. 1967). That has not been done in this case.

■ Even were this Court to find on the basis of *Driscoll* that the non-served defendant exception might be extended to a served defendant to avoid a harsh and inequitable result, it would decline to do so in the case *sub judice.* Defendant GAF was served in the state action on April 1, 1981. Had it elected to do so, it could easily have brought its own removal action in a timely manner. *See Wallis v. Southern Silo Co., supra.* It did not do so. Even after learning, apparently for the first time, on April 20 of the Union's petition, GAF had ample opportunity to file a timely joinder in or consent to that petition. *See Intercoastal Refining Co., supra.* Through neglect, it did not do so. In short, the procedural requirements of 28 U.S.C. § 1446 could easily have been complied with, but were not. This is not a case which, in the opinion of the Court, falls within the non-served defendant exception to the general rule of joinder, nor a case whose equities support a *Driscoll*-type extension.[3]

Therefore, it is ORDERED, ADJUDGED and DECREED that plaintiff's Motion for Remand is GRANTED, and that this case be REMANDED to the 122nd Judicial District Court of Galveston County, Texas. In view of the nature of this case, each party shall bear its own costs.

---

3. The decision, of course, does fall harshly upon defendant Union. But removal in this case does not depend solely upon the efforts of the Union, and timely compliance by GAF would have precluded what, for the Union, must clearly seem an anomalous result. The plaintiff selected his forum as was his right, and he is entitled to require that defendants strictly comply with the removal statute before this right is overborne.