## William L. CARLETON
## and Jane Carleton

### v.

## CRC INDUSTRIES, INC., Berwind Industries, Inc., and Berwind Corporation.

### No. Civ.A. G–99–094.

United States District Court,
S.D. Texas,
Galveston Division.

May 17, 1999.

David H. Burrow, Burrow and Parrott, Houston, TX, for plaintiff.

Vic Houston Henry, Henry, Oddo, Austin and Fletcher, Dallas, TX, for defendants.

### *ORDER OF REMAND*

KENT, District Judge.

This case was originally brought in the 56th Judicial District Court of Galveston County, Texas, on November 9, 1998. The case was removed to this Court by Defendants on February 12, 1999. Defendants alleged diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs, arguing that the removal was procedurally defective, now seek remand of this case pursuant to 28 U.S.C. §§ 1446(b), 1447(c). Specifically, Plaintiffs allege that removal was untimely because Defendants failed to file a notice of removal within thirty days of the date the initial pleading was filed. *See* 28 U.S.C. § 1446(b). For the reasons set forth below, Plaintiffs' Motion is **GRANTED** and this case is **REMANDED** under 28 U.S.C. § 1447(c) to the 56th Judicial District Court of Galveston County, Texas, where it was originally brought.

Defendants do not dispute that they filed a removal notice more than thirty days after Plaintiffs' Original Petition was filed. However, they argue that removal was nonetheless timely because they were unaware that the case was removable until they received Plaintiffs' responses to discovery requests which revealed that the amount of damages claimed by Plaintiffs exceeded the federal jurisdictional threshold of $75,000 for diversity cases.

The seminal case addressing this issue is *Chapman v. Powermatic, Inc.,* 969 F.2d 160 (5th Cir.1992). In that case, the United States Court of Appeals for the Fifth Circuit stated:

> [F]or the purposes of the first paragraph of § 1446(B), the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.

*Chapman,* 969 F.2d at 163. The question, then, is whether the initial pleading in this case "affirmatively revealed" that the Plaintiffs were seeking damages in excess of the minimum jurisdictional amount of the federal court.

■ While it is true that Plaintiffs' initial pleading did not state a dollar amount of damages sought, or affirmatively aver that Plaintiffs sought damages in excess of the minimum jurisdictional amount for federal court, it is readily apparent from any reasonable analysis of Plaintiffs' allegations that such was the case. Specifically, Plaintiffs allege that William Carleton contracted leukemia, a potentially fatal form of cancer, as a result of exposure to Defendants' toxic chemicals and/or materials and dangerous carcinogenic products. The causes of action alleged by Plaintiffs included negligence, gross negligence, strict products liability, and loss of consortium. Additionally, in their prayer for relief, Plaintiffs requested punitive damages. Based upon these allegations it was undeniably facially apparent, as a matter of law, that Plaintiffs' alleged damages exceeded $75,000. Defendants arguments to the contrary are utterly specious. Preliminary diagnostic testing alone in cancer cases can often exceed $75,000, and it is a matter of common knowledge that damage awards in cases involving fatal illnesses far exceed that amount. This Court, as did the Honorable John V. Parker in *Schild v. Tymco, Inc.,* 842 F.Supp. 225, 226 (M.D.La.1994), refuses to allow Defendants to convert the *Chapman* "bright line" rule into a "head in the sand" rule. *See Cross v. Bell Helmets,* 927 F.Supp. 209 (E.D.Tex.1996) (noting that "common experience" dictates that damages resulting from severe and permanent injuries will meet the threshold amount for federal jurisdiction). Accordingly, the Court holds that this case was untimely removed, and because this Court therefore **LACKS SUBJECT MATTER JURISDICTION,** this case is **REMANDED** to the Court in which it was originally brought.[1]

■ Furthermore, pursuant to the clear language of 28 U.S.C. § 1447(d), this Order of Remand is unreviewable, by appeal or otherwise. Even clearly erroneous decisions ordering remands on the grounds specified in § 1447(c) are not reviewable by appeal or petition. *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 127–28, 116 S.Ct. 494, 496–97, 133 L.Ed.2d 461 (1995); *Tramonte v. Chrysler Corp.,* 136 F.3d 1025, 1027 (5th Cir.1998).

The parties are **ORDERED** to file nothing further on these issues in this Court. *Any and all* further relief shall be sought from the appropriate state court. The

---

1. As a procedural suggestion to the practicing Bar, the Defendants would have been better advised to remove in the first instance, rather than waiting to remove on a tortured analysis of case authority. This does not, as Defendants suggest, obliterate the utility of *Chapman,* which controls where the is at least a reasonable question as to whether the amount of damages exceeds the jurisdictional threshold of federal court.

parties shall each bear their own costs incurred herein to date.

**IT IS SO ORDERED.**