CENTURY ASSETS CORP., individually and derivatively on behalf of Century Resources Land, L.L.C. and Edward R. Destefano, Plaintiffs,

v.

Sheldon SOLOW and Steven M. Cherniak, Defendants.

No. 1:99–CV–819.

United States District Court, E.D. Texas, Beaumont Division.

Jan. 31, 2000.

---

## MEMORANDUM OPINION

COBB, District Judge.

### I. Introduction

Before the court is the Plaintiffs' Motion to Remand. This case suffers from a long and confusing procedural history. The parties in this action currently have suits pending against each other in both New York and Texas. The defendants removed this action to this court on December 21, 1999 from the District Court of Hardin County. The original petition was filed in that court on December 22, 1998. The plaintiffs assert two grounds for remand: (1) there is no diversity of citizenship between the parties, and (2) even if the parties are diverse, the removal was untimely and the case must thus be remanded. Because this court agrees with the plaintiffs' contention that the removal was not timely filed, this case must be remanded to the Hardin County court.

### II. Removal and Remand

#### A. Standard of Review

"Section 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction." *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir.1993). The party who removes the action bears the burden of showing that removal was proper. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988), appeal after remand, 915 F.2d 965 (5th Cir.1990), *aff'd*, 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992); *Dancy v. Fina Oil & Chem., Co.*, 921 F.Supp. 1532, 1534 (E.D.Tex.1996). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corp. Chem. Group*, 520 F.Supp. 825, 827 (S.D.Tex.1981). Any doubts concerning removal must be resolved against removal and in favor of remanding the case to state court. *Powers v. South Central United Food & Commercial Workers Unions & Employers Health & Welfare*

Mark L.D. Wawro, Jonathan Jeffrey Ross, Susman Godfrey LLP, Houston, R.F. "Bo" Horka, Silsbee, TX, for Plaintiff.

Alistair Byrne Dawson, Beck Redden & Secrest, Houston, TX, for Defendant.

*Trust,* 719 F.2d 760, 762 (5th Cir.1983); *Monterey Mushrooms, Inc. v. Hall,* 14 F.Supp.2d 988, 990 (S.D.Tex.1998); *Samuel v. Langham,* 780 F.Supp. 424, 427 (N.D.Tex.1992); *Scott v. Communications Servs., Inc.,* 762 F.Supp. 147, 150 (S.D.Tex. 1991).

## B. Was Removal Timely?

Section 1446 provides that notice of removal must be filed within thirty days of defendants' receipt of service of the initial state court pleading. 28 U.S.C. § 1446(b)[1]. If the case is not originally removable a defendant may remove the case within thirty days of discovering that the case is removable. *Id.*

Under Texas law, plaintiffs are not allowed to pray for a specific amount of damages on the face of their complaints. Tex.R. Civ. P. 47. The defendants have the burden of proving that they first ascertained the amount in controversy less than thirty-one days before December 21, 1999—the date they filed their Notice of Removal. The defendants cannot meet this burden and this case must be remanded.

■ Here, the plaintiffs are seeking compensatory and punitive damages, as well as attorneys fees. These damages were included in the initial complaint. These claims are included in determining the amount in controversy for jurisdictional purposes. *Bell v. Preferred Life Assur., Soc.,* 320 U.S. 238, 240–41, 64 S.Ct. 5, 88 L.Ed. 15 (1943) (including actual and punitive damages in the amount in controversy); *In re Abbott Labs.,* 51 F.3d 524, 526–27 (5th Cir.1995) (including attorneys fees

in the amount in controversy in a class action). The defendants claim that they first discovered the amount in controversy exceeded $75,000 in this case on December 21, 1999.

The defendants claim they did not know the plaintiffs were seeking more than $75,000 until plaintiffs' counsel made the representation in a hearing in state court on the 21st. The Notice of Removal was filed later that very same day.

In the previous 11 months, the defendants never once attempted to file a special exception to the state-court petition to seek a statement of the amount claimed by the plaintiffs. The defendants claim this was not a viable option because personal jurisdiction issues were pending the majority of this time.

■ Citing *Chapman v. Powermatic, Inc.,* 969 F.2d 160 (5th Cir.1992), the defendants claim that the thirty day time period begins to run when the defendants receive a pleading that "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman,* 969 F.2d at 163. There is no requirement in the Fifth Circuit, however, that an actual dollar amount must appear on a paper in the suit. *See, e.g., DeAguilar v. Boeing Co.,* 47 F.3d 1404 (5th Cir. 1995) (detailing how courts are to determine the amount in controversy). Numerous cases make it clear that a petition can facially state a claim over the jurisdictional amount when there are *no* numbers in the petition at all. *Carleton v. CRC Indus., Inc.,* 49 F.Supp.2d 961 (S.D.Tex.1999)

---

**1.** Section 1446(b) reads (emphasis added):

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within *thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable,* except that a case may not be removed on the basis of jurisdiction conferred by Section 1332 of this title more than 1 year after commencement of the action.

(holding that it was readily apparent from an analysis of plaintiff's complaint that more than $75,000 was in controversy); *Cross v. Bell Helmets, USA,* 927 F.Supp. 209, 213–14 (E.D.Tex.1996) (finding more than $75,000 was in controversy). In this case, there was ample evidence that there was an amount in controversy greater than $75,000.

First, the state court petition plainly revealed that the amount in controversy exceeded $75,000. Part of the subject of this suit is the ownership of an L.L.C. which was organized to maximize profits in oil and gas leases. Surely, the defendants knew that these leases involved more than $75,000. In the defendants' New York suit, they sued these same plaintiffs for slander of title of these leases for "an amount not less than $1,000,000." Dawson Dec. Ex. 1, at ¶¶ 50–51. The defendants simply cannot meet their burden of establishing that they only realized that more than $75,000 was in controversy in December of 1999.

Second, on August 27, 1999, Mr. DeStefano, the plaintiff, was deposed by the defendant's attorney. This deposition made it abundantly clear that more than $75,000 was in controversy. The transcript of the deposition testimony of a plaintiff is considered an "other paper" under § 1446(b). *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir.1996); *Delaney v. Viking Freight, Inc.,* 41 F.Supp.2d 672, 677 (E.D.Tex.1999). At a state court hearing in April, 1999, plaintiff's counsel complained that the wells were producing $1,000,000/month in revenue and that Mr. DeStefano was not receiving his share. At the deposition in August, Mr. DeStefano testified that he was entitled to 45% of the proceeds from the sale of gas and oil from the producing wells before Solow "has been paid the amount of money he invested to drill those wells," as well as a 5% overriding royalty from all production. DeStefano Dep. at

357, 360. It is irrelevant whether these calculations are true. What is relevant, however, is that this deposition made it very clear that the plaintiffs' were seeking more than $75,000.[2]

The most compelling "other paper" affirmatively establishing an amount in controversy over $75,000 is the affidavit of Mr. Cherniak, one of the defendants. The initial complaint alleges that Mr. Cherniak caused some of the leases owned by the L.L.C. to terminate because he failed to pay delay rentals on them. Once these leases were terminated, they were subsequently leased to Adobe Energy. The complaint alleges damages to the L.L.C. because the loss of the lease "greatly diminished the value of the project." Initial Comp. at ¶ 30.

In an affidavit filed in the New York suit on May 11, 1999, Mr. Cherniak estimated the value of production from these leases was $7,500 per day. From the affidavit, it is clear Mr. Cherniak knew that these wells had been producing for over a month. Thus, the wells had been producing in excess of $225,000 ($30 \times 7,500 = $225,000). Thus, this affidavit proves that the defendants knew more than the statutory standard was in controversy as far back as May of 1999.

If this court were to follow the defendants' reasoning that cases are not removable until there has been an absolute affirmation that more than $75,000 was in issue, then plaintiffs would deliberately avoid making these kinds of statements until the one year time limit in § 1446(b) had expired. If the plaintiffs in this case had waited two more days before "admitting" that $75,001 was in controversy, this case would not have been removable under the defendants' own reasoning. Certainly Congress did not intend to condone this type of forum manipulation.

---

**2.** After all, 45% of $1,000,000 is $450,000 and this does not include the deduction for So-

low's drilling costs.

 

The Fifth Circuit has developed procedures for defendants to follow in removing cases where no amount in controversy has been plead in state court. *See De Aguilar,* 47 F.3d at 1410–1412. All a defendant must do is establish by a preponderance of the evidence that an amount in controversy exceeds the statutory standard. If a defendant is successful in doing this, then the burden falls on the plaintiff to prove to a legal certainty that recovery will not exceed that same statutory standard. *Id.* In this case, the defendants could have easily discovered and established that more than $75,000 was in controversy. The defendants knew the revenue these leases were producing. The defendants also knew that these leases were the subject of this suit. Moreover, the plaintiffs were asking for punitive damages and attorneys fees. These facts alone would have conclusively established by a preponderance of the evidence that more than $75,000 was in controversy.[3]

Based upon the allegations in the complaint, it is undeniably facially apparent that plaintiffs' alleged damages exceeded $75,000. This court joins other courts in holding that defendants cannot convert the *Chapman* "bright line" rule into a "head in the sand" rule. *Carleton v. CRC Industries, Inc.,* 49 F.Supp.2d 961, 962 (S.D.Tex. 1999); *Blair v. Williford,* 891 F.Supp. 349, 351 (E.D.Tex.1995); *Schild v. Tymco, Inc.,* 842 F.Supp. 225, 226 (M.D.La.1994).[4]

### III. Conclusion

When the statute is construed narrowly and all doubts are resolved in favor of remand, it becomes clear that the defendants did not timely meet the statutory requirements. The defendants failed to remove the case within 30 days of the filing of a "document" demonstrating that the amount in controversy was greater than the statutory standard. Therefore, this case must be REMANDED to the District Court of Hardin County, Texas.

---

**3.** As Judge Kent of the Southern District of Texas has surmised, defendants are better off removing earlier rather than later because *Chapman* only controls when "there is at least a reasonable question as to whether the amount of damages exceeds the jurisdictional threshold of federal court." *See Carleton v. CRC Industries, Inc.,* 49 F.Supp.2d 961, 962 n. 1 (S.D.Tex.1999).

**4.** Because I have decided that the defendants did not meet the statutory requirements of removing this case within 30 days of discovering the amount in controversy exceeded the statutory standard, there is no reason to decide whether or not there actually is complete diversity between the parties.