**Rickie EVETT, Individually and as Managing Conservator and Next Friend of Cody Wayne Evett, Plaintiff,**

v.

**CONSOLIDATED FREIGHTWAYS CORPORATION, Defendant.**

No. 3:00–CV–021.

United States District Court,
E.D. Texas,
Paris Division.

July 19, 2000.

Ed Tiger Smith, Smith and Butler, Bonham, TX, Joe N. Boudreaux, Foreman, Boudreaux, Smith and Johnson, Dallas, TX, for Plaintiff.

Wayne B. Mason and Matthew Ryan Pickelman, Strasburger & Price, LLP, Dallas, TX, for Defendant.

### ORDER GRANTING MOTION TO REMAND

SCHELL, District Judge.

This matter is before the court on the Motion to Remand (Dkt.# 3) filed by Plaintiff Rickie Evett ("Evett") on April 17, 2000, as well as Evett's Motion to File Amended Complaint and Supplemental Motion to Remand (Dkt.# 4) filed on April 21, 2000. Defendant Consolidated Freightways Corporation ("CFC") filed a response in opposition to Evett's motions on May 1, 2000. CFC also filed a Motion For Leave to File Third–Party Complaint (Dkt.# 8) on June 20, 2000, to which Evett filed a written opposition on June 30, 2000. Finding that CFC's Notice of Removal was not timely filed, the court holds that Evett's motion to remand should be GRANTED.[1]

#### DISCUSSION

This is a negligence action seeking recovery for personal injuries suffered by a minor child when a car driven by the child's grandmother collided with a tractor-trailer converter gear that an employee of CFC had parked on a public street. Evett is the grandfather of the minor

---

1. In light of the court's resolution of Evett's remand motion, the remaining motions will not be addressed.

child, Cody Wayne Evett, and is suing on his behalf as Managing Conservator and Next Friend. The case was originally brought in the Sixth Judicial District Court of Fannin County, Texas, on January 14, 2000. On April 6, 2000, CFC removed the case to this court pursuant to 28 U.S.C. § 1332 on the ground that the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties. Neither party disputes that diversity jurisdiction exists. The only issue before the court is whether CFC timely removed this case upon ascertaining that the amount in controversy exceeds $75,000.

■ The timeliness of removal is governed by 28 U.S.C. § 1446(b), which creates a thirty-day limitation period for removal. The right to remove arises when a defendant is first put on notice that all prerequisites for invoking federal jurisdiction have been met. Thus, "if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." [2] If, on the other hand, it is not readily apparent from the initial pleading that a case is removable, a notice of removal need only be filed "within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." [3] "[R]emoval statutes are to be construed strictly against removal and for remand," [4] and a failure to timely file a notice of removal is a defect that requires remand to state court.[5]

In this case, the court finds that it was readily apparent from Evett's original state court petition that the amount in controversy exceeds $75,000 and, thus, that this case was removable. As Evett points out, in addition to alleging past and estimated future medical expenses in the amount of $71,215, the original petition alleges that Cody Evett suffered massive facial injuries resulting in severe and permanent physical pain, mental anguish, physical disability, and disfigurement. When coupled with the fact that Evett's estimated medical expenses alone were within $3,785.01 of the court's jurisdictional minimum, the serious and permanent nature of Evett's alleged injuries makes it readily apparent that damages could easily exceed $75,000 in this case.[6] To its credit, CFC acknowledges that it "suspected that the actual amount in controversy may exceed $75,000" when it received Evett's state court petition on February 7, 2000. CFC nonetheless contends that it did not become fully apparent that the jurisdictional threshold was met until March 29, 2000, when Evett's counsel allegedly stated in open court that Evett would not amend his petition to specify a maximum amount of damages because he knew of CFC's intention to remove the case to federal court if he were to do so. The court finds this contention unpersuasive.

CFC relies heavily on *Chapman v. Powermatic* and argues that that case establishes the "bright line" rule that the thirty-day removal period cannot be triggered unless a plaintiff's initial pleading contains "a specific allegation that damages are in excess of the federal jurisdictional amount." [7] The court believes, however, that CFC reads *Chapman* too narrowly.

**2.** *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 161 (5th Cir.1992).

**3.** 28 U.S.C. § 1446(b).

**4.** *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100, 106 (5th Cir.1996).

**5.** *See Royal v. State Farm Fire & Cas. Co.,* 685 F.2d 124, 127 (5th Cir.1982).

**6.** *See Cross v. Bell Helmets,* 927 F.Supp. 209, 213 (E.D.Tex.1996) (noting that common experience shows that damages resulting from severe and permanent injuries often exceed the threshold amount for federal jurisdiction).

**7.** *Chapman,* 969 F.2d at 163.

In that case, the Fifth Circuit held that, despite the fact that the defendant had been informed by the plaintiff's counsel some months prior to trial that the plaintiff's medical expenses exceeded the federal court jurisdictional amount, the removal period was not triggered by the plaintiff's filing of a state court complaint that did not plead a specific amount of damages but merely alleged that the state court's jurisdictional minimum had been met.[8] The court found that the case became removable only after the plaintiff later provided written discovery responses alleging personal injury claims in excess of $800,000.

Central to the Fifth Circuit's holding in *Chapman* was its concern that allowing removability to be triggered by matters within the subjective knowledge of a defendant would unnecessarily complicate timeliness determinations. The court thus rejected the argument that the thirty-day removal clock should begin to run in cases where a plaintiff files a pleading that is indeterminate as to removability if the defendant would know in the exercise of due diligence that the case is removable.[9] Instead, the *Chapman* court adopted the rule that removal is triggered only when the initial pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."[10] The court observed that "not requiring courts to inquire into what a particular defendant may or may not subjectively know" would promote certainty and judicial efficiency and it emphasized that the timeliness inquiry should focus on "what the initial pleading sets forth."[11] These observations suggest that rather than mandating rigid adherence to some kind of formalistic pleading

requirement, *Chapman* merely requires that a state court complaint be sufficiently definite *on its face* to enable defendants to ascertain removability without reliance on speculation or conjecture.[12]

In any event, the court finds that *Chapman* supports the conclusion that Evett's original petition triggered removability in this case. As already noted, the initial pleading sets forth damages of at least $71,215 in just one category of injuries alleged. Common sense dictates that the other categories of damages, such as pain and suffering, mental anguish, and permanent disfigurement, would easily exceed the additional $3785.01 needed to satisfy the jurisdictional prerequisite. Unlike *Chapman* and most of the cases cited by CFC, the amount in controversy reflected in Evett's petition here is not "indeterminate" in the traditional sense that one can perceive neither the floor nor ceiling of potential damages. On the contrary, the floor is firmly established above the court's jurisdictional threshold by Evett's petition and there is no reasonable question as to whether the amount of damages alleged exceeds $75,000. To conclude otherwise under circumstances like the present would be, as other courts have noted, tantamount to converting *Chapman*'s bright line rule into a "head in the sand" rule.[13]

In sum, the court finds that Evett's original petition "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."[14]

Because CFC was served with a copy of that petition on or about February 7, 2000, it had thirty days from that date to timely remove this case. Having waited until

---

**8.** *See id.*

**9.** *See id.*

**10.** *Id.*

**11.** *Id.*

**12.** Other courts in this circuit appear to have taken a similar view of *Chapman*. *See, e.g., Century Assets Corp. v. Solow,* 88 F.Supp.2d

659, 661–62 (E.D.Tex.2000); *Carleton v. CRC Industries, Inc.,* 49 F.Supp.2d 961, 962 (S.D.Tex.1999).

**13.** *See Carleton,* 49 F.Supp.2d at 962.

**14.** *Chapman,* 969 F.2d at 163.

April 6, 2000, to file its Notice of Removal, CFC effected a procedurally defective removal. Construing the removal statute strictly in favor of remand, therefore, the court finds that this case should be remanded to state court.

CONCLUSION

For the reasons given and on the authorities cited, Rickie Evett's Motion to Remand is hereby GRANTED and this case is REMANDED to the Sixth Judicial District Court of Fannin County, Texas. It is so ORDERED.